CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 06 2017

JULIA _____, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| N'NEKA HENDERSON, | CASE NO. 7:16CV00398 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PAUL RICE, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

N'neka Henderson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The defendants filed Motions to Dismiss on December 22, 2016. On December 23, 2016, the court mailed a notice advising Ms. Henderson that the court would give her 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining, or avoiding the defendants' evidence before ruling on their motions. The notice warned Ms. Henderson:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

(Notice, ECF No. 30) (emphasis in original.)

Since mailing the notice to Ms. Henderson, the court has received no further communication from her about this case, and the deadline for her response to the defendants' motions has passed. Accordingly, the court concludes that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Ms. Henderson has failed to prosecute this action. See gen. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

The court, having duly notified the parties that Ms. Henderson's failure to respond to the defendants' dispositive motions would be interpreted as failure to prosecute and would be cause for dismissal of the action without prejudice, concludes that the action must be dismissed without prejudice. A separate order will enter this day.

Ms. Henderson is advised that if she intends to proceed with this action, she must petition the court within 30 of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide specific explanation for Ms. Henderson's failure to respond in a timely fashion to defendants' dispositive motions.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 6th day of February, 2017.

                                                               Chief United States District Judge